UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CAMERON CHURCH,<br><br>                          Plaintiff,<br>    v.<br>WASHOE COUNTY SHERIFF'S OFFICE, *et al.*,<br>                         Defendants. | Case No. 3:19-cv-00677-MMD-WGC<br><br>ORDER |

On November 18, 2019, the Court ordered Plaintiff to file an inmate account statement for the past six months with his application to proceed *in forma pauperis* or pay the full $400 filing fee by December 18, 2019. (ECF No. 3 at 2). In that order, the Court informed Plaintiff that it would dismiss the case, without prejudice, if he failed to timely comply with the order. (*Id.*) The Court dismissed this case on December 31, 2019 because Plaintiff failed to comply with that order and file an inmate account statement for the past six months, pay the full $400 filing fee, or otherwise respond to the Court's order. (ECF Nos. 6, 7). The Court's dismissal was without prejudice, which meant that Plaintiff was free to file a new complaint and fully complete application to proceed *in forma pauperis* in a *new* case.

On January 6, 2020, Plaintiff filed an application to proceed *in forma pauperis* in *this* case, not a new case. (ECF No. 8). Therefore, the Court liberally construes Plaintiff's application at ECF No. 8 as a motion for an extension of time to comply with this Court's November 18, 2019 order.

Pursuant to Nevada Local Rule of Practice IA 6-1(a), a request for an extension of time made after the expiration of the specified period "will not be granted unless the

movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect." "[E]xcusable neglect" is an equitable question for the court, considering "all relevant circumstances surrounding the party's omission." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Courts use the following factors to determine whether a party's omission should be considered excusable neglect: the danger of prejudice to the other party; the length and impact of the delay on judicial proceedings; the reason for delay and whether it was reasonably within the party's control; and whether the party acted in good faith. *Id.*

The Court finds that Plaintiff has not demonstrated that his failure to file a motion for an extension of time before the December 18, 2019 deadline was the result of excusable neglect. Plaintiff provides no explanation for why he waited until after the Court dismissed this action and closed the case to file his motion for an extension of time and file his application to proceed *in forma pauperis*. Although the Defendants have not been served and the danger of prejudice by the delay is low, the Court cannot find that Plaintiff's failure to timely file a motion for an extension of time was excusable neglect where Plaintiff has not provided *any* reason for the delay. Therefore, the Court denies the motion for extension of time. Because the dismissal was without prejudice, Plaintiff may file a new complaint and a fully complete application to proceed *in forma pauperis*, including the required financial documents, in a *new* case.

For the foregoing reasons, it is ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 8) is construed as a motion for extension of time. The motion for extension of time (ECF No. 8) is denied.

DATED THIS 10th day of January 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE